█ In the Matter of the Arbitration between WYNNE STERN, Appellant, and IRVING D. LENTNEK, Respondent.—Appeal from order, Supreme Court, New York County, entered April 14, 1972, denying the motion to confirm the arbitration award and granting the cross motion to vacate that award is unanimously dismissed as academic, without costs and without disbursements. Order, Supreme Court, New York County, entered June 19, 1972, denying petitioner's motion to renew his application for confirmation of the arbitration award, unanimously reversed, on the law and the facts, the motion to confirm the award granted and the cross motion to vacate the award denied. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Petitioner Wynne Stern (Stern) and respondent Irving D. Lentnek (Lentnek) had entered into a business venture to construct and operate a nursing home. Construction was to be accomplished through a vehicle of a corporation and the actual running of the home was to be accomplished through a partnership. The parties entered into a lengthy agreement articulating the rights of each. Included in the agreement was a clause providing for arbitration of disputes in accordance with the Rules of the American Arbitration Association (AAA). There was a falling-out between the parties, necessitating resort to an arbitration proceeding. After the second arbitration hearing, the arbitrator approached counsel for both sides and informed them that his fees were to be paid by them at the rate of $100 a day. This, he said, was in view of the probable protracted period of time that the proceedings would consume. Neither side registered an objection and they executed the appropriate AAA form. The arbitration was ultimately determined in favor of Stern. Stern moved to confirm the award and Lentnek cross-moved to vacate the award. Lentnek claimed that it was improper for the arbitrator to request a fee, that the arbitrator was partial, and that the arbitrator exceeded and imperfectly executed his powers. The court at Special Term vacated the award solely on the ground that the request for a fee by the arbitrator constituted misconduct. On renewal, an affidavit from the regional director of the AAA indicated that arbitrators were compensated in lengthy cases and that $100 a day was an appropriate fee. Payments had been made through the AAA in accordance with its rules. The court denied the application for renewal. Since Lentnek never objected to the payment of the fee, he in effect waived any objection which he might have raised (cf. *Matter of National Cash Register Co. [Wilson]*, 8 N Y 2d 377). The other issues raised on appeal have been considered by the court and found to be without any merit (*Matter of Colletti [Mesh]*, 23 A D 2d 245; *Korein v. Rabin*, 29 A D 2d 351). Concur — Stevens, P. J., Markewich, Kupferman, Lane and Tilzer, JJ.